## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

_____

BRYAN VELAZQUEZ, on behalf of          :
himself and all others similarly situated,   :
                                              :
                            Plaintiffs,      :
v.                                            :   Case No. 1:22-cv-9247-ER
                                              :
DON ROBERTO JEWELERS, INC., a          :
California Corporation,                       :
                                              :
C                                             :
                            _Defendants_.     :
_____               :


## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## <u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.    THERE IS NO PERSONAL JURISDICTION OVER DON ROBERTO
        JEWELERS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.    Legal Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        B.    Don Roberto Jewelers Does Not "Transact Business" In New York 5

            1.    A Website That Is Accessible To New York Residents Is Not
                Transacting Business In New York. . . . . . . . . . . . . . . . . . . 7

            2.    Viewing A Website By A New York Resident Is Not
                "Transacting Business" In New York. . . . . . . . . . . . . . . . 10

            3.    Plaintiff's Claim Does Not Arise From Defendant
                Transacting Business. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        C.    Due Process Precludes the Exercise of Personal Jurisdiction over
            Defendant. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    II.    VENUE IS IMPROPER IN THE SOUTHERN DISTRICT OF NEW
        YORK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

        A.    Venue Focuses On The Defendant's, Not The Plaintiff's Acts. . 15

        B.    Plaintiff Cannot Establish Venue Under § 1391(b)(2). . . . . . . . 17

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF AUTHORITIES

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, 2018 U.S. Dist. LEXIS 72282, at *4 (S.D.N.Y. Apr. 30, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 250 (2nd Cir. 2007) . . . . . . . . . . . . . . 2, 7

*Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 256, 137 S. Ct. 1773, 1781, 198 L. Ed. 2d 395 (2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). . . . . . . . . . . . . . . . . . . 13

*Camacho v. Vanderbilt Univ.*, 2019 U.S. Dist. LEXIS 209202, at *6 (S.D.N.Y. Dec. 4, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2nd Cir. 2010). . . . . . . 5

*Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000) . . . . . . 7

*Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005) . . . . . . . . 16

*Diaz v. Kroger Co.*, 2019 U.S. Dist. LEXIS 93177 at *17 (S.D.N.Y. June 4, 2019) . 14

*G.F.C. Fashions, Ltd. v. Goody's Family Clothing, Inc.*, No. 97 Civ 0730, 1998 U.S. Dist. LEXIS 1989, *5 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2nd Cir. 2005) . . . . . . . . . . . . . . . 17

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U. S. 408, 417, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Helicopteros Nacionales De Columbia v. Hall*, 466 U.S. 408, 410-411 (1983). . . . . 13

*In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) . . . 5

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) . . . . . . . . . . . . . . . 13

*ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 87-88 (E.D.N.Y. 2006) . . . . . 8

*Jash Raj Films (USA) Inc. v. Dishant.com LLC*, 2009 U.S. Dist. LEXIS 116431 at *6 (E.D.N.Y. Dec. 15, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003) . . . . . . . . . . . . . 17

*Johnson v. TheHuffingtonpost.com, Inc.*, 21 F.4th 314, 325 (5th Cir. 2021) . . . . . . . . 9

*Katz v. Wanderstay Hotels*, No. 19 CV 3615 (RRM)(LB), 2021 U.S. Dist. LEXIS 42061, at *8 (E.D.N.Y. Mar. 4, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Knuttel v. Omaze, Inc.*, 572 F. Supp. 3d 866 (N.D. Cal. 2021), at *4-7 . . . . . . . . . . . 18

*Leon C. Baker, P.C. v. Bennett*, 942 F. Supp. 171, 175 (S.D.N.Y. 1996) . . . . . . . . . . 15

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50 (2nd Cir. 2012) . . 4-6

*Mercer v. 764 Dover Leipsic LLC*, No. 21-CV-603 (GBD) (JLC)) 2021 U.S.Dist.LEXIS 222153, at *3-4 (S.D.N.Y. Nov. 15, 2021) . . . . . . . . . . . . . . . . . . . 10

*Mercer v. Rampart Hotel Ventures, LLC*, 2020 U.S. Dist. LEXIS 31163, at *5 (S.D.N.Y. Feb. 24, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10, 12

*Mercer v. Rampart Hotel Ventures, LLC*, No. 19-CV-3551, 2020 U.S. Dist. LEXIS 7313, at *5 (S.D.N.Y. Jan. 16, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Metro. Opera Ass'n v. Naxos of Am., Inc.*, 98 Civ. 7858 (DAB), 2000 U.S. Dist. LEXIS 9834, at *8-9 (S.D.N.Y. July 17, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Ne. Landscape & Masonry Assocs. v. Conn. DOL*, No. 14-CV-9104 (KMK), 2015 U.S. Dist. LEXIS 165428, at *10 (S.D.N.Y. Dec. 10, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Pearson Educ., Inc. v. Yi Shi*, 525 F. Supp. 2d 551, 556 (S.D.N.Y. 2007) . . . . . . . . . 8

*Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010) . . . . . . . 5

*Perrone v. Catamount Ski Resort, LLC*, No. 19-CV-8054 (KMK), 2020 U.S. Dist. LEXIS 88333, at *17 (S.D.N.Y. May 19, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008) . . . . . . . . . . . . . [5](#)

*Poschmann v. Ponte Vedra Corp.*, No. 18-14321-CV, 2018 U.S. Dist. LEXIS 217469 (S.D. Fla. Dec. 27, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [19](#), [20](#)

*Slobig v. Gannuscia*, No. 16-CV-3783, 2018 U.S. Dist. LEXIS 40061 at *3 (S.D.N.Y. Mar. 9, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [17](#)

*Starmedia Network, Inc. v. Star Media, Inc.*, 00 Civ. 4647, 2001 U.S. Dist. LEXIS 4870, at *7 (S.D.N.Y. Apr. 23, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [2](#), [7](#)

*Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 1122 (2014) . . . . . . . . . [2](#), [9](#), [14](#)

*Wilson v. Jord Inc.*, No. 20-CV-1899-LJV-JJM, 2022 U.S. Dist. LEXIS 58849, at *4 (W.D.N.Y. Mar. 30, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [5](#), [8](#)

*Woodke v. Dahm*, 70 F.3d 983, 985-86 (8th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . [16](#)

*World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980) . . . . . . . [13](#)

Defendant Don Roberto Jewelers, Inc. ("Don Roberto" or "Defendant") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction and 12(b)(3) for improper venue.

## PRELIMINARY STATEMENT

Don Roberto Jewelers, Inc. is a retailer of jewelry available through its website, www.donrobertojewelers.com.  It also operates 99 "brick and mortar" stores throughout California, which account for 99.9996% of its sales. It has no New York offices, employees, bank accounts, agent for service of process nor is it registered to do business in New York.  It does not direct advertising at New York residents and has no presence at all in New York.  Less than 0.0004% of its sales (a total of three sales since January 1, 2021 through December 31, 2022) come unsolicited from purchasers with New York addresses.

In this case involving a website that is allegedly inaccessible to the blind, there is no allegation that Don Roberto Jewelers targets New York residents. There is no allegation that Don Roberto has advertised in New York through its website, https://www.donrobertojewelers.com. There is no allegation that Don Roberto Jewelers has offered to sell any product or service in New York. There is no allegation that Don Roberto Jewelers  has taken any allegedly tortious action whatsoever in New York. The only alleged connection between Don Roberto Jewelers and New York is

that the *plaintiff* went to the Don Roberto Jewelers website on his own.  These omissions dictate that the case be dismissed for lack of personal jurisdiction.  Don Roberto Jewelers has done nothing that would subject it to either specific or general personal jurisdiction in New York. Plaintiff has failed to make even a colorable showing of personal jurisdiction. And, he cannot do so.

*First*, the maintenance of a website that is equally accessible to New York residents and anyone anywhere in the world who has an internet connection is not sufficient on its own to establish personal jurisdiction over a defendant.  "[I]t is now well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 250 (2nd Cir. 2007), quoting *Starmedia Network, Inc. v. Star Media, Inc.*, 00 Civ. 4647, 2001 U.S. Dist. LEXIS 4870, at *7 (S.D.N.Y. Apr. 23, 2001). The mere fact that the *plaintiff* went to the Website cannot create jurisdiction either, which must instead be based on the *defendant's* contacts with the forum. *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 1122 (2014).  Here, Defendant has no contacts with New York.

*Second,* even if Plaintiff had made a showing of sufficient interactivity directed towards New York residents, which is denied, his complaint fails to meet the second prong of § 302(a)(1). Plaintiff fails to allege that Don Roberto Jewelers engaged in a "transaction" with him in the way that the term is typically understood, but rather,

Plaintiff states that he visited Don Roberto Jewelers's website and witnessed the purported ADA violation. Courts in this Circuit have repeatedly held that a New York resident viewing the website of an out-of-state defendant, absent more, is not enough to establish personal jurisdiction over the defendant. *See Mercer v. Rampart Hotel Ventures, LLC*, No. 19-CV-3551, 2020 U.S. Dist. LEXIS 7313, at *5 (S.D.N.Y. Jan. 16, 2020) (holding that the Court did not have personal jurisdiction over a Louisiana hotel that plaintiff alleged maintained a reservation website that was not compliant with the ADA) (Report and Recommendation) *adopted by* 2020 U.S. Dist. LEXIS 31163, 2020 WL 88207 (S.D.N.Y. Feb. 24, 2020).

Since Defendant's only connection with New York is that *Plaintiff* went to Defendant's website and there is no transaction out of which the claim arises (such as the sale of a defective product to the plaintiff, for example), there is no personal jurisdiction over Don Roberto Jewelers and the complaint should be dismissed without leave to amend.

## FACTUAL BACKGROUND

Plaintiff Bryan Velazquez claims to be "legally blind," and requires SRS to read website content using his computer. FAC, ¶ 2. He alleges that he visited the Website on September 13, 2022, and again on September 16, 2022 and found that he was unable to get information regarding a "promise ring." FAC, ¶ 27. Plaintiff claims that he was therefore unable to transact business because the Website was allegedly not

compliant with his screen reader software ("SRS") (the current ADA has no specific accessibility standards).

Don Roberto Jewelers operates www.donrobertojewelers.com. FAC, ¶ 21.  Don Roberto Jewelers's office is located at 205 Avenida Fabricate, San Clemente, CA 92672.  Declaration of Gina Papandrea, ¶ 4.  Don Roberto Jewelers has no physical presence in New York.  Papandrea Decl., ¶¶ 6-13.  Don Roberto Jewelers is *not* registered to do business in New York.  Papandrea Decl., ¶ 5.  Don Roberto Jewelers also does not target New York residents in any way.  Papandrea Decl., ¶ 12.  Since January 1, 2021 through December 31, 2022, Don Roberto Jewelers has made a grand total of ***three*** sales to customers with New York shipping addresses – less than 0.0004% of its total sales.  Papandrea Decl., ¶ 6.  In fact, Don Roberto Jewelers's only connection with New York is that any person with an internet connection can access its website from all 50 states or indeed, anywhere in the world.  Papandrea Decl., ¶¶ 6-13.

## ARGUMENT

## I.
## THERE IS NO PERSONAL JURISDICTION OVER DON ROBERTO JEWELERS

A.    Legal Standard.

"In order to survive a motion to dismiss for lack of personal jurisdiction, the plaintiff[] must make a prima facie showing that jurisdiction exists." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2nd Cir. 2012) (alterations omitted)

(quoting *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010)).

"This prima facie showing 'must include an averment of facts that, if credited by the

ultimate trier of fact, would suffice to establish jurisdiction over the defendant.'" *Id.*

(quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2nd Cir. 2010)).

In resolving a motion to dismiss for lack of personal jurisdiction, a court "construe[s]

the pleadings and affidavits in the light most favorable to [the] plaintiff[], resolving all

doubts in [its] favor." *Chloé*, 616 F.3d at 163 (quoting *Porina v. Marward Shipping

Co.*, 521 F.3d 122, 126 (2d Cir. 2008)). But a court "will not draw argumentative

inferences in the plaintiff's favor, nor must [it] accept as true a legal conclusion

couched as a factual allegation.*" In re Terrorist Attacks on September 11, 2001*, 714

F.3d 659, 673 (2d Cir. 2013) (citations and internal quotation marks omitted). *See

Wilson v. Jord Inc.*, No. 20-CV-1899-LJV-JJM, 2022 U.S. Dist. LEXIS 58849, at *4

(W.D.N.Y. Mar. 30, 2022).

B.    Don Roberto Jewelers Does Not "Transact Business" In New York.

Don Roberto Jewelers is a California corporation with its principal place of

business in San Clemente, California.  Papandrea Decl., ¶ 3.  To determine whether

personal jurisdiction exists over an out-of-state defendant such as Don Roberto

Jewelers, a court first "look[s] to the law of the forum state to determine whether

personal jurisdiction will lie." *Licci*, 732 F.3d at 168. "If jurisdiction lies" under the

state law, the court next considers "whether the . . . exercise of personal jurisdiction

over a foreign defendant comports with due process protections established under the United States Constitution." *Id.*

Specific jurisdiction is proper only if the "defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014). "The contacts needed for this kind of jurisdiction often go by the name 'purposeful availment.'" *Ford Motor Co. v. Montana Eighth Judicial District Court,* 141 S. Ct. 1017, 1024, 209 L. Ed. 2d 225 (2021) (citation omitted). For a plaintiff to establish specific jurisdiction, a *defendant* "must take 'some act by which it purposefully avails itself of the privilege of conducting activities in the forum State.'" *Ford Motor Co.*, 141 S. Ct. at 1024 (citation omitted, emphasis added). In other words, Plaintiff must show that Don Roberto Jewelers "deliberately 'reached out beyond' its home" *Walden*, 571 U.S. at 284.

Velazquez contends that this Court has personal jurisdiction over Don Roberto Jewelers under N.Y. C.P.L.R. § 302(a)(1). That statute provides that a court "may exercise personal jurisdiction over any non-domiciliary[] . . . who in person or through an agent[] transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). "So, in determining whether personal jurisdiction may be exercised under section 302(a)(1), 'a court must decide (1) whether the defendant transacts any business in New York and, if so, (2) whether this cause of action arises from such a business transaction.'" *Licci*, 673 F.3d at 60.

"[T]he overriding criterion necessary to establish a transaction of business is some act by which the *defendant* purposefully avails itself of the privilege of conducting activities within New York, thereby invoking the benefits and protections of its laws." *Id.* at 61 (emphasis added). The connection between the transaction and the cause of action must be more than "merely coincidental." *See Best Van Lines*, 490 F.3d at 246-47, 249. "If the defendant is transacting business in New York, the second half of the section 302(a)(1) inquiry asks whether the cause of action 'arises from' that business transaction or transactions." *Best Van Lines*, 490 F.3d at 249 (alterations and citation omitted).

1.    **A Website That Is Accessible To New York Residents Is Not Transacting Business In New York.**

"The maintenance of a website accessible to New York residents is not sufficient on its own to establish personal jurisdiction over a defendant." *See Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000). *Best Van Lines, Inc. v. Walker*, 490 F.3d at 250, quoting *Starmedia Network, Inc. v. Star Media, Inc.*, 2001 U.S. Dist. LEXIS 4870, at *7 ("[I]t is now well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit.").

The sum total of Velazquez's allegations regarding Don Roberto Jewelers's commercial activity in New York is that *Plaintiff* accessed the website in New York." FAC, ¶ 9. "But that sort of 'conclusory allegation that [the] [d]efendant used its

nationally-available website to solicit [customers] in New York' is 'not sufficient to establish personal jurisdiction' under the New York long-arm statute." *Wilson v. Jord Inc.*, No. 20-CV-1899-LJV-JJM, 2022 U.S. Dist. LEXIS 58849, at *7-9 (W.D.N.Y. Mar. 30, 2022), citing *Camacho v. Vanderbilt Univ.*, 2019 U.S. Dist. LEXIS 209202, at *6 (S.D.N.Y. Dec. 4, 2019); *see also Mercer v. Rampart Hotel Ventures, LLC*, 2020 U.S. Dist. LEXIS 31163, at *5 (S.D.N.Y. Feb. 24, 2020) (same); *Pearson Educ., Inc. v. Yi Shi*, 525 F. Supp. 2d 551, 556 (S.D.N.Y. 2007) ("Simply maintaining a web site in a distant state that residents of New York visit does not, by itself, subject a defendant to jurisdiction in New York.")  "[W]ithout non-conclusory allegations that Jord did more than simply maintain a commercial website accessible to New York residents, this Court agrees with Jord that Wilson has failed to demonstrate personal jurisdiction here. *Wilson v. Jord Inc.*, 2022 U.S. Dist. LEXIS 58849, at *7-9 (W.D.N.Y. Mar. 30, 2022). *See Alibaba Grp. Holding Ltd. v. Alibabacoin Found*., 2018 U.S. Dist. LEXIS 72282, at *4 (S.D.N.Y. Apr. 30, 2018) ("Even the existence of an interactive 'patently commercial' website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York." (quoting *ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 87-88 (E.D.N.Y. 2006)).

In this case, no commercial activity occurred in New York.  In fact, the only contacts with New York in this case were *Plaintiff's* contacts with Don Roberto

Jewelers's website.  But in determining whether personal jurisdiction exists, the Court

must examine the contacts of the *defendant*, not the plaintiff.  "the relationship must

arise out of contacts that the "defendant himself" creates with the forum State."

*Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014), citing

*Burger King Corp. v. Rudzewicz*, 471 U. S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d

528 (1985). "Due process limits on the State's adjudicative authority principally

protect the liberty of the nonresident defendant — not the convenience of plaintiffs or

third parties.  *Id*. "We have consistently rejected attempts to satisfy the

defendant-focused "minimum contacts" inquiry by demonstrating contacts between

the plaintiff (or third parties) and the forum State."  *Id.* citing *Helicopteros Nacionales*

*de Colombia, S. A. v. Hall*, 466 U. S. 408, 417, 104 S. Ct. 1868, 80 L. Ed. 2d 404

(1984) ("[The] unilateral activity of another party or a third person is not an

appropriate consideration when determining whether a defendant has sufficient

contacts with a forum State to justify an assertion of jurisdiction").  "The plaintiff

cannot be the only link between the defendant and the forum. Rather, it is the

defendant's conduct that must form the necessary connection with the forum State that

is the basis for its jurisdiction over him." *Id.*  "That's why clicks, visits, and views

from forum residents cannot alone show purposeful availment. They are not evidence

that 'the defendant has formed a contact with the forum state.'"  *Johnson v.*

*TheHuffingtonpost.com, Inc.*, 21 F.4th 314, 325 (5th Cir. 2021).  "If it could, our

jurisdiction would have no limit; 'a plaintiff could sue everywhere.' *Advanced*

*Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir.

2014).

> 2.  **Viewing A Website By A New York Resident Is Not "Transacting Business" In New York.**

Plaintiff does not argue that Don Roberto Jewelers engaged in a "transaction"

with her as that term is normally understood. Nor could she given that she merely

visited Don Roberto Jewelers's website, witnessed an alleged ADA violation, and

allegedly incurred harm therefrom. "Under New York case law, this interaction could

not constitute an 'act by which the defendant purposefully avails itself of the privilege

of conducting activities within New York' — a sine qua non of the analysis of whether

a transaction has occurred." *Mercer v. Rampart Hotel Ventures, LLC,* 2020

U.S.Dist.LEXIS 7313, at *7-8 (S.D.N.Y. Jan. 16, 2020)(finding that hotel's website,

which was not alleged to "target or have any special connection to New York," was

insufficient to support jurisdiction under New York's long arm statute), *adopted by*

2020 U.S. Dist. LEXIS 31163 (Feb. 24, 2020)).  *See also*, *Mercer v. 764 Dover Leipsic*

*LLC*, No. 21-CV-603 (GBD) (JLC)) 2021 U.S.Dist.LEXIS 222153, at *3-4 (S.D.N.Y.

Nov. 15, 2021).

In *Katz v. Wanderstay Hotels*, No. 19 CV 3615 (RRM)(LB), 2021 U.S. Dist.

LEXIS 42061, at *8 (E.D.N.Y. Mar. 4, 2021), the Court held:

Plaintiff fails to allege that defendant engaged in a "transaction" with him in the way that the term is typically understood, but rather, plaintiff states that he visited Wanderstay's website and witnessed the ADA violation. Courts in this Circuit have held that a New York resident viewing the website of an out-of-state defendant, absent more, is not enough to establish personal jurisdiction over the defendant.

*Id.* at 8.

Here, as in *Katz, Mercer* and *Jord*, among others, Plaintiff has merely allegedly that she went to Defendant's website unsolicited, viewed purported ADA violations – which is denied – and sued. Defendant did nothing to solicit Plaintiff or any other New York resident, did not advertise targeting New York residents, and indeed, is guilty of nothing more than operating a website accessible from anywhere.

### 3. Plaintiff's Claim Does Not Arise From Defendant Transacting Business.

Plaintiff fails to meet the first prong of § 302(a)(2) – that Don Roberto Jewelers transacted business in New York. But even so, Plaintiff cannot show that her claim arises out of that business. Clearly, Don Roberto Jewelers has filled three orders in two years from customers with New York addresses. "[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales." *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 256, 137 S. Ct. 1773, 1781, 198 L. Ed. 2d 395 (2017). If Plaintiff had purchased a defective product from Defendant's website and that caused injury, that might be

sufficient since the claim arises out of the shipping of defective goods to New York. But that is far from the case here.

In this case, Plaintiff merely claims that she went to Defendant's website, saw an alleged ADA violation and sued.  That claim does not "arise from" Don Roberto Jewelers transacting business *in New York*.  In concluding that the plaintiff failed to meet the "arising from" prong, the *Mercer* court explained that "the harm caused by defendant's alleged failure to maintain a proper website is not 'connected' to the defendant's transactions with other New Yorkers. *Mercer v. Rampart Hotel Ventures, LLC*, 2020 U.S. Dist. LEXIS 7313, *5. Certainly, as here, plaintiff has alleged that other New York residents are engaging in transactions with the defendant via the exact same website about which plaintiff complains. "But the defendant's transactions with other New York residents through that website did not cause plaintiff harm and plaintiff's specific claim in this case does not arise out of those transactions." *Id.* Accordingly, Plaintiff has not met the second prong of § 302(a)(2).

C.    Due Process Precludes the Exercise of Personal Jurisdiction over Defendant

Finally, even if there was personal jurisdiction over Defendant under CPLR § 302, this Court should not exercise personal jurisdiction because that would be contrary to the Due Process clause of the U.S. Constitution. Due Process requires "minimum contacts" between the nonresident defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial

justice." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980)

(internal quotations omitted). *See also International Shoe Co. v. Washington*, 326 U.S.

310, 316 (1945) ("Personal jurisdiction over a nonresident defendant is proper only if

the defendant has certain minimum contacts with [the forum state] such that the

maintenance of the suit does not offend 'traditional notions of fair play and substantial

justice.'"); *Helicopteros Nacionales De Columbia v. Hall*, 466 U.S. 408, 410-411

(1983) (same).

Sufficient contacts exist when "the defendant's conduct and connection with the

forum state are such that he should reasonably anticipate being haled into court there."

*World–Wide Volkswagen Corp.*, 444 U.S. at 297. The defendant must have

"purposefully availed itself of the privilege of conducting activities within the forum

[s]tate," thus invoking the benefits and protections of the state's laws. *Id.*; *see also*

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Plaintiff alleges the Court has personal jurisdiction over Don Roberto Jewelers

because it owns or operates the Website that Plaintiff accessed in New York. The FAC

does not allege that Don Roberto Jewelers transacted business in New York with the

Plaintiff or engaged in any other activity in New York that could give rise to the

exercise of personal jurisdiction under CPLR § 302. Indeed, the allegations show that

the purported basis of personal jurisdiction over Don Roberto Jewelers is Plaintiff's

unilateral activity of allegedly "visit[ing] the Website" in New York.  However, as

discussed above, the contacts of the non-domiciled Defendant determine whether personal jurisdiction exists, not the unilateral acts of the Plaintiff. *International Shoe*, 326 U.S. at 316-17; *see Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("[U]nilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."). *Walden* forbids that sort of analysis, which impermissibly "allows a *plaintiff's* contacts with the defendant and forum to drive the jurisdictional analysis." *Walden v. Fiore*, 571 U.S. 285-286 (emphasis added).

As set forth in the Papandrea Declaration, Don Roberto Jewelers has no contacts with New York for the purposes of establishing personal jurisdiction and has no presence at all in New York. It has a website where the Plaintiff (any anyone else in the world) can peruse its jewelry for sale and make a payment from anywhere in the United States, including New York, although he admittedly did not do so. However, the ability to conduct commercial activity through a website does not establish minimum contacts with New York sufficient to subject Don Roberto Jewelers to the personal jurisdiction of the State. *See, e.g.*, *Diaz v. Kroger Co.*, 2019 U.S. Dist. LEXIS 93177 at *17 (S.D.N.Y. June 4, 2019) (no specific personal jurisdiction based on a website that did not deliver in New York state because, "the existence of an interactive patently commercial website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of

commercial activity occurred in New York"); *Jash Raj Films (USA) Inc. v. Dishant.com LLC*, 2009 U.S. Dist. LEXIS 116431 at *6 (E.D.N.Y. Dec. 15, 2009) ("Put simply, 'it stretches the meaning of 'transacting business' too far to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state'—in the same way it can reach them everywhere else on Planet Earth—'without some evidence or allegation that commercial activity in that state actually occurred or was actively sought.") (quoting *Freeplay Music, Inc. v. Cox Radio, Inc.*, 2005 U.S. Dist. LEXIS 12397, at *7 (S.D.N.Y. June 23, 2005)). It is evident that Defendant lacks minimum contacts in New York in order to be haled into this Court to defend Plaintiff's claims.

## II.

## VENUE IS IMPROPER IN THE SOUTHERN DISTRICT OF NEW YORK

A.    Venue Focuses On The Defendant's, Not The Plaintiff's Acts.

The requirement of proper venue "serves the purpose of protecting a defendant from the inconvenience of having to defend an action in a trial that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred." *Leon C. Baker, P.C. v. Bennett*, 942 F. Supp. 171, 175 (S.D.N.Y. 1996). When venue is challenged, the plaintiff "bears the burden of demonstrating that 'a substantial part of the events or omissions giving rise to the

claim occurred' in this district." *G.F.C. Fashions, Ltd. v. Goody's Family Clothing, Inc.*, No. 97 Civ. 0730, 1998 U.S. Dist. LEXIS 1989, *5 (S.D.N.Y. 1998) (finding venue improper even where allegedly infringing labels attached in New York, when no suggestion that defendant actively attempted to market allegedly infringing products in New York). *Metro. Opera Ass'n v. Naxos of Am., Inc.*, 98 Civ. 7858 (DAB), 2000 U.S. Dist. LEXIS 9834, at *8-9 (S.D.N.Y. July 17, 2000).

The Second Circuit has made clear that the venue analysis "must focus on where the defendant's acts or omissions occurred." *Ne. Landscape & Masonry Assocs. v. Conn. DOL*, No. 14-CV-9104 (KMK), 2015 U.S. Dist. LEXIS 165428, at *10 (S.D.N.Y. Dec. 10, 2015). *See also*, *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005), citing with approval, *Woodke v. Dahm*, 70 F.3d 983, 985-86 (8th Cir. 1995) (explaining that "by referring to 'events or omissions giving rise to the claim,' Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff").

The federal venue statute lays venue in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . ." 28 U.S.C. § 1391(b). Clearly, Defendant does not reside in

the S.D.N.Y. and therefore, venue might be proper if at all, because "substantial part

of the events or omissions giving rise to the claim occurred . . ." under § 1391(b)(2).

B.    Plaintiff Cannot Establish Venue Under § 1391(b)(2).

Under 28 U.S.C. § 1391(b)(2), venue is proper in the district where "a

substantial part of the events or omissions giving rise to the claim occurred." For

venue to be proper under § 1391(b)(2), "significant events or omissions material to the

plaintiff's claim must have occurred in the district in question, even if other material

events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2nd Cir.

2005).  However, as discussed above, the acts must be those of the Defendant, not the

plaintiff.  *See e.g., Slobig v. Gannuscia*, No. 16-CV-3783, 2018 U.S. Dist. LEXIS

40061 at *3 (S.D.N.Y. Mar. 9, 2018) (explaining that "the acts of [the] [d]efendants,

not the activities of or harm to [the] [p]laintiff, determine where venue properly lies").

"[B]y referring to 'events or omissions giving rise to the claim' [in 28 U.S.C. §

1391(b)(2)], Congress meant to require courts to focus on relevant activities of the

defendant, not of the plaintiff." *Perrone v. Catamount Ski Resort, LLC*, No.

19-CV-8054 (KMK), 2020 U.S. Dist. LEXIS 88333, at *17 (S.D.N.Y. May 19, 2020).

The Second Circuit has thus adopted the two part test in *Jenkins Brick Co. v. Bremer*,

321 F.3d 1366, 1372 (11th Cir. 2003), *i.e.*, (1) "What acts or omissions by [defendant]

gave rise to [plaintiff's] claim?" and (2) "Of those acts, did a 'substantial part' of them

take place in [the chosen venue]?") *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d at 432.

Plaintiff contends that "a substantial portion of the events alleged occurred" in this District because "*Plaintiff* attempted to utilize, on a number of occasions, the subject Website within this Judicial District."  FAC, ¶ 8 (emphasis added).  However, Defendant has no particular connection to the this District other than the mere happenstance that Plaintiff accessed the website from New York.  These facts cannot be enough to establish venue, or else venue would be proper in any district in the country. Furthermore, "suffering economic harm within a district is not by itself sufficient to warrant transactional venue there." Wright & Miller, *14D Fed. Prac. & Proc. Juris*. § 3806. Otherwise, "venue almost always would be proper at the place of the plaintiff's residence, an option that Congress abolished in the general venue statute." *Knuttel v. Omaze, Inc.*, 572 F. Supp. 3d 866 (N.D. Cal. 2021), at *4-7.

In a very similar website claim to this case, the *Omaze* court found that the substantial events underlying Plaintiffs' claims did not occur in the Northern District of California. Plaintiffs' claims all arise from Omaze's website - the webpages that advertise its hotel rooms and the hotel. At the heart of those claims are Omaze's decisions about website design and what language to use on its website. As Omaze acknowledges, however, all "decision-making concerning Omaze's Website and marketing efforts [was] centralized at Omaze's headquarters in Los Angeles,

California" during "all times relevant to this case." *Id.*  "Thus, while Knüttel's visit to the Omaze website may have been the 'single triggering event' that ultimately ripened his claims, the 'sequence of events underlying [his and the other Plaintiffs'] claims' all took place in the Central District. *Id*.

Similarly, in this case, Plaintiff's visit to the Don Roberto Jewelers website may have been the single triggering event that ultimately ripened his claims, but the sequence of events underlying his claims all took place in the Central District of California.  This District did not host a substantial part of the events which gave rise to Plaintiff's claims.  As in *Omaze*, there is no basis for laying venue in this District.

In an almost identical fact pattern to this case, the court in *Poschmann v. Ponte Vedra Corp.*, No. 18-14321-CV, 2018 U.S. Dist. LEXIS 217469 (S.D. Fla. Dec. 27, 2018), the Court held that under circumstances identical to those alleged in this complaint, venue was improper and dismissed the case.

> The question before this Court is whether Plaintiff's act of accessing Defendants' websites is a substantial part of the events giving rise to this lawsuit, as would be sufficient to confer venue under 28 U.S.C. § 1391. In *Jenkins Brick Company v. Bremer*, the Eleventh Circuit discussed how courts should interpret the "substantial part of the events or omission giving rise to the claim" portion of the venue statute. 321 F.3d 1366 (11th Cir. 2003). The Eleventh Circuit stated that, for purposes of venue, the only relevant events are those that "directly give rise to a claim." Id. at 1371.  To give more meaning to that phrase, the Eleventh Circuit approved of and discussed the Eighth Circuit's decision in *Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995). *Jenkins Brick Co.*, 321 F.3d at 1371-72. The Eleventh Circuit explained that: . . . the [venue] statute protects defendants, and Congress therefore 'meant to require courts to focus on relevant activities of the defendant, not of the plaintiff.'"

*Id.*[1] Thus, in *Porschmann*, the Court further held that "Plaintiff does not make any claims that Defendants did anything in the Southern District of Florida, other than owned and operated a website that could be accessed there." *Poschmann v. Ponte Vedra Corp.*, 2018 U.S. Dist. LEXIS 217469, at *6-7(emphasis added).

> Particularly germane to this case:
>
> If Plaintiff were right that the simple act of accessing Defendants' websites is sufficient to confer venue, Plaintiff would be able to establish venue in his home district over any hotel in the country that maintains a website that can be accessed by Plaintiff and that violates these regulations under the ADA. Such a rule would drastically widen the scope of the current venue statute, and I do not adopt an interpretation of that statute that would produce such far-reaching results.

*Id.* Accordingly, even if this Court had personal jurisdiction, the complaint should be dismissed for improper venue.

///

///

///

///

///

///

///

---

[1] In *Daniels,* the Second Circuit has cited both the Eleventh Circuit's *Jenkins Brick Company* decision and the Eighth Circuit's *Woodke* decision with approval

## CONCLUSION

For the foregoing reasons, Defendant Don Roberto Jewelers respectfully request that this Court dismiss the Complaint for lack of personal jurisdiction without leave to amend.

Dated: March 31, 2023                    Respectfully submitted,

                                         s/Philip H. Stillman
                                         Philip H. Stillman, Esq., *Application for*
                                         *admission pending*
                                         Stillman & Associates
                                         3015 North Bay Road, Suite B
                                         Miami Beach, FL 33140
                                         (888) 235-4279
                                         pstillman@stillmanassociates.com

                                         /s/ Michael F. Fleming
                                         Michael F. Fleming, Esq.
                                         Morgan, Lewis & Bockius LLP
                                         101 Park Avenue
                                         New York, NY 10178
                                         (212) 309-6207
                                         michael.fleming@morganlewis.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of March, 2023, a true and correct copy of

the foregoing Motion to Dismiss, Memorandum of Law In Support Of Defendants'

Motion to Dismiss and the Declaration of Gina Papandrea was served via the Court's

ECF filing system upon all counsel of record.


s/ *Philip H. Stillman*
Philip H. Stillman