## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| _____ | |
| BRYAN VELAZQUEZ, on behalf of himself and all others similarly situated, | : |
| | : |
| | : |
| Plaintiffs, | : |
| v. | : Case No. 1:22-cv-9247-ER |
| | : |
| DON ROBERTO JEWELERS, INC., a California Corporation, | : |
| | : |
| C | : |
| *Defendants*. | : |
| _____ | : |

## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff Bryan Velazquez argues in his Opposition that he, as the plaintiff, can create personal jurisdiction over an out of state defendant merely by going to that company's website, regardless of whether the defendant actively seeks out or "targets" New York residents.  If that were the law, any company with a website could be subjected to personal jurisdiction based not on its own acts, but those of a litigious plaintiff anywhere in the United States, if not the entire world.  Plaintiff's legal arguments "cherry pick" statements from many of the cases to attempt to save plaintiff's business model of locating websites and then suing on them from the comfort of his home in New York, regardless of whether the defendant has any real connection with New York.   However, the Supreme Court could not be more clear: "[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 1122 (2014).

This is such a case.  Don Robert Jewelers has no presence in New York whatsoever, and three unsolicited orders from New York residents over two years.  It has 99 brick and mortar stores in California, is located in California, fills its orders from California and does not target any advertising or goods at New York residents.

Plaintiff's arguments regarding venue fare no better for a simple reason.  The venue statute looks to the acts of the *defendant*, not the plaintiff.  Velazquez contends that *him* going to the Don Roberto's Jewelers website is sufficient to establish venue.

Similar to his argument regarding personal jurisdiction, if that were the case, every defendant would be subjected to venue wherever the *plaintiff*, not the defendant, resided – an argument expressly rejected by Congress in amending the venue statute. Accordingly, in light of the intentionally improper choice of venue, this case should be dismissed for improper venue rather than transferred.

## ARGUMENT

## I.
## PLAINTIFF CANNOT ESTABLISH PERSONAL JURISDICTION OVER DON ROBERTO JEWELERS

Significantly, Plaintiff does not discuss any of the cases directly on point that hold that a plaintiff using SRS cannot establish personal jurisdiction by going to a website and discovering that it is allegedly incompatible with screen reader software ("SRS").  *See e.g., Wilson v. Jord Inc.*, No. 20-CV-1899-LJV-JJM, 2022 U.S. Dist. LEXIS 58849, at *7-9 (W.D.N.Y. Mar. 30, 2022).

A.    Transacting Business.

To establish jurisdiction under Section 302(a)(1), Plaintiff must allege that: (1) Defendant has "transacted business" in New York, and (2) the claim asserted arises from that business activity. *Eades v. Kennedy PC L. Offs.*, 799 F.3d 161, 168 (2d Cir. 2015). "A single sale may be sufficient provided that the *defendant's* activities were purposeful *and there was a substantial relationship between the transaction and the claim asserted*." *WowWee Grp. Ltd. v. Meirly,* 2019 U.S. Dist. LEXIS 51905, 2019 WL 1375470, at *3 (S.D.N.Y. Mar. 27, 2019); *see also Chloe v. Queen Bee of Beverly Hills*,

LLC, 616 F.3d 158, 166 (2d Cir. 2010). Velazquez contends that by filling three unsolicited orders from New York *addresses* (not necessarily residents) in *two* years that are unrelated in any way to Plaintiff's claims, Don Roberto Jewelers satisfied the "transacting business" test. But as the Second Circuit has made clear, there must be a substantial relationship between the transaction <u>and</u> the claim asserted. In this case there is no relationship at all. Instead, Plaintiff is seemingly arguing for general jurisdiction, where Don Roberto Jewelers has such an extensive presence in New York that it is fair to subject it to jurisdiction for any claim at all. This is plainly inappropriate.

"The maintenance of a website accessible to New York residents is not sufficient on its own to establish personal jurisdiction over a defendant." *See Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000). *Best Van Lines, Inc. v. Walker*, 490 F.3d at 250, quoting *Starmedia Network, Inc. v. Star Media, Inc.*, 2001 U.S. Dist. LEXIS 4870 (S.D.N.Y. Apr. 23, 2001), at *7 ("[I]t is now well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit.").

The key operative words are that §302(a)(1) require that a <u>*defendant's*</u> activities be "purposeful," *i.e.*, specifically directed to New York residents. "[W]ithout non-conclusory allegations that Jord did more than simply maintain a commercial website accessible to New York residents, this Court agrees with Jord that Wilson has failed to demonstrate personal jurisdiction here. *Wilson v. Jord Inc.*, 2022 U.S. Dist.

LEXIS 58849, at *7-9 (W.D.N.Y. Mar. 30, 2022). "[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 1122 (2014). "The plaintiff cannot be the only link between the defendant and the forum. Rather, it is the *defendant's conduct* that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* (emphasis added).

There is no evidence that Defendant targets New York residents and other than passively accepting three unsolicited sales from New York addresses over two years, there is no *purposeful* availment by Don Roberto Jewelers of the right to conduct business specifically in New York. For example, there are no advertisements directed at New York residents, no specials directed to New York residents to encourage them to make online purchases from Defendant, and Defendant has zero presence in New York. The three unsolicited sales to New York residents which are unrelated to this claim and are a minuscule amount of Don Roberto's total business – obviously not including Plaintiff – cannot support a finding that Defendant is "transacting business" in New York.

Given that Plaintiff merely visited Don Roberto Jewelers' website, witnessed an alleged ADA violation, and allegedly incurred harm therefrom, "Under New York case law, this interaction could not constitute an 'act by which the defendant purposefully avails itself of the privilege of conducting activities within New York' — a sine qua non

of the analysis of whether a transaction has occurred." *Mercer v. Rampart Hotel Ventures, LLC,* 2020 U.S.Dist.LEXIS 7313, at *7-8 (S.D.N.Y. Jan. 16, 2020)(finding that hotel's website, which was not alleged to "target or have any special connection to New York," was insufficient to support jurisdiction under New York's long arm statute), *adopted by* 2020 U.S. Dist. LEXIS 31163 (Feb. 24, 2020)). *Katz v. Wanderstay Hotels*, No. 19 CV 3615 (RRM)(LB), 2021 U.S. Dist. LEXIS 42061, at *8 (E.D.N.Y. Mar. 4, 2021)(going to a website allegedly noncompliant with the ADA is not "transacting business" for personal jurisdiction).

Defendant did nothing to solicit Plaintiff or any other New York resident, did not advertise targeting New York residents, and indeed, is guilty of nothing more than operating a website that is accessible from anywhere.

B.    Plaintiff's Claim Does Not Arise From Transacting Business.

Plaintiff's claim does not "arise from" Don Roberto Jewelers' transacting business *in New York*. In concluding that the plaintiff failed to meet the "arising from" prong, the *Mercer* court explained that "the harm caused by defendant's alleged failure to maintain a proper website is not 'connected' to the defendant's transactions with other New Yorkers. *Mercer v. Rampart Hotel Ventures, LLC*, 2020 U.S. Dist. LEXIS 7313, *5. Plaintiff here doubles down on the fact that because three New York residents have made unsolicited purchases through Defendant's website over the course of two years, that is sufficient to show that *his* claim arises out of Defendant's transacting business in New York. "But the defendant's transactions with other New

York residents through that website did not cause plaintiff harm and plaintiff's specific claim in this case does not arise out of those transactions." *Id.*

In *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 363 (S.D.N.Y. 2020), the court discussed the "interactivity" of a commercial website. The more "interactive" the website, *such that it <u>solicits</u> potential buyers in New York in order for the defendant to sell them products in New York*, the more likely a court is to find that the defendant is "transacting business" through the website in New York and is subject to the court's jurisdiction.  Plaintiff has presented nothing to indicate that Don Roberto Jewelers solicits information from potential buyers in order to sell them products in New York. *Spin Master Ltd.*, 463 F. Supp. 3d at 363 ("It is, of course, not sufficient that the defendant conducts business through an interactive [] website; the question is *whether the defendant used the website to reach into the forum* in some meaningful way.")(emphasis added).  "[I]t is now well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 250 (2d Cir. 2007).  In short, the plaintiff "cannot be the only link between the defendant and the forum." *Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.*, 331 F. Supp. 3d 130, 142 (S.D.N.Y. 2018).

Plaintiff has not seen fit to even dispute any of the facts in the Declaration of Gina Papandrea, has not presented any facts to show that Don Roberto Jewelers

purposefully targets New York residents and has therefore failed to establish even a prima facie case of personal jurisdiction.

C.    Exercising Personal Jurisdiction Here Violates Due Process.

Courts have recognized a difference between serving the U.S. market and "conduct purposefully directed at [a particular state]"). *J. McIntyre Mach., Ltd. v. Nicastro,* 564 U.S. 873, 886, 131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011). "[E]xtending personal jurisdiction based on 'essentially de minimis contributions made from a website accessible in any jurisdiction,' would raise serious due process concerns." *RLP Ventures LLC v. All Hands Instruction NFP*, 2019 U.S. Dist. LEXIS 48211, at *4 (S.D.N.Y. Mar. 22, 2019).

Thus, even if there was personal jurisdiction over Defendant under CPLR § 302, the exercise personal jurisdiction must still comport with the Due Process clause of the U.S. Constitution. "Due Process" requires "minimum contacts" between the nonresident defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980).

The allegations in the Complaint only show that the purported basis of personal jurisdiction over Don Roberto Jewelers is *Plaintiff's* unilateral activity of allegedly "visit[ing] the Website" in New York.  However, as discussed above, the contacts of the non-domiciled *Defendant* determine whether personal jurisdiction exists, not the unilateral acts of the Plaintiff. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958)

("[U]nilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."). The Supreme Court's decision in *Walden* forbids that sort of analysis, which impermissibly "allows a *plaintiff's* contacts with the defendant and forum to drive the jurisdictional analysis." *Id.* at 285-286 (emphasis added). "We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Walden*, 571 U.S. at 284. Since the *only* contacts with New York are those of either the plaintiff or third parties, *not* the defendant, personal jurisdiction is therefore lacking.

## II.
## VENUE IS IMPROPER IN NEW YORK

Plaintiff's arguments concerning venue suffer from the same deficiency. Plaintiff focuses on Plaintiff's actions in visiting the website, not Don Roberto Jewelers' actions in this District. Venue focuses on the actions of the *defendant* not the plaintiff, because "the purpose of statutorily defined venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005)*; Slobig v. Gannuscia*, No. 16-CV-3783, 2018 U.S. Dist. LEXIS 40061 at *3 (S.D.N.Y. Mar. 9, 2018) (explaining that "the acts of [the] [d]efendants, *not the activities of or harm to [the] [p]laintiff*, determine where venue properly lies"). Moreover, "by referring to 'events or omissions giving rise to the claim' [in 28 U.S.C. § 1391(b)(2)], Congress meant to require courts

to focus on relevant activities of the defendant, not of the plaintiff." *Daniel*, 428 F.3d at 432.

Plaintiff relies solely on the "substantial portions of the claim" test for venue. When a plaintiff relies on § 1391(b)(2) to defeat a venue challenge, a two-part inquiry is appropriate. First, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims. Second, the court should determine whether a substantial part of those acts or omissions by the defendant occurred in the district where suit was filed, that is, whether "significant events or omissions material to [those] claims . . . have occurred in the district in question." *Daniel*, 428 F.3d at 432.

In this case, the *plaintiff* is relying on his own acts to establish venue. Don Roberto Jewelers merely has a website accessible to anyone in the world. He went to the website. Second, no significant actions *by the defendant* occurred in New York. The Defendant is domiciled in California and operates its website from there. Any claims arose from defendant's actions in California, not New York. Defendant's only connection with New York for purposes of venue are therefore based entirely on Plaintiff's actions.

To put an even finer point on it, the Second Circuit in *Harty v. W. Point Realty, Inc.*, 28 F.4th 435 (2d Cir. 2022) recognized that merely viewing an allegedly noncompliant website does not give a plaintiff standing to sue because such harm is not "concrete." Similarly, any "harm" that Plaintiff claims to have suffered in New York

does not rise to a concrete harm pursuant to Article III and therefore there is no

substantial "harm" in New York that could support venue.  Accordingly, the case should

be dismissed for improper venue.

## CONCLUSION

For the foregoing reasons, defendant Don Roberto Jewelers respectfully requests

that this Court dismiss the Complaint for lack of personal jurisdiction without leave to

amend.

Dated: April 28, 2023                         Respectfully submitted,

                                              */s/* Michael F. Fleming
                                              Michael F. Fleming, Esq.
                                              Morgan, Lewis & Bockius LLP
                                              101 Park Avenue
                                              New York, NY 10178
                                              (212) 309-6207
                                              michael.fleming@morganlewis.com

                                              s/*Philip H. Stillman*
                                              Philip H. Stillman, Esq., *Admission
                                              Pending*
                                              Stillman & Associates
                                              3015 North Bay Road, Suite B
                                              Miami Beach, FL 33140
                                              pstillman@stillmanassociates.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2023, a true and correct copy of the

foregoing Reply was served via the Court's ECF filing system upon all counsel of

record.

s/ *Philip H. Stillman*
Philip H. Stillman